**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ROTATABLE TECHNOLOGIES LLC,** <br><br>      **Plaintiff,** <br><br>      v. <br><br> 1.   **APPLE INC.;** <br> 2.   **CALLVINE, INC.;** <br> 3.   **ELECTRONIC ARTS INC.;** <br> 4.   **NETFLIX, INC.;** <br> 5.   **QUICKOFFICE, INC.;** <br> 6.   **TARGET CORPORATION; AND** <br> 7.   **WHOLE FOODS MARKET, INC.,** <br><br>      **Defendants.** | **CIVIL ACTION NO. 2:12-CV-292** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

This is an action for patent infringement in which Rotatable Technologies LLC ("Rotatable Technologies") makes the following allegations against Apple Inc.; Callvine, Inc,; Electronics Arts Inc.; Netflix, Inc.; Quickoffice, Inc.; Target Corporation; and Whole Foods Market, Inc. (collectively, "Defendants"):

**PARTIES**

1.     Rotatable Technologies is a limited liability company formed under the laws of the State of Texas with a principle place of business located at 815 Brazos Street, Suite 500, Austin, Texas 78701.

2.     Defendant Apple Inc. ("Apple") is a corporation organized and existing under the laws of the State of California with a principle place of business located at 1 Infinite Loop, Cupertino, California 95014. Apple can be served via its registered agent for service of process: C T Corporation System, 818 W. Seventh St., Los Angeles, California 90017.

3.      Defendant Callvine, Inc. ("Callvine") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 502 Baylor St., Austin, Texas 78703. Callvine can be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

4.      Defendant Electronic Arts Inc. ("Electronic Arts") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 209 Redwood Shores Parkway, Redwood City, California 94065. Electronic Arts can be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

5.      Defendant Netflix, Inc. ("Netflix") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 100 Winchester Circle, Los Gatos, California 95032. Netflix can be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

6.      Defendant Quickoffice, Inc. ("Quickoffice") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 4965 Preston Park Blvd., Suite 500E, Plano, Texas 75093. Quickoffice can be served via its registered agent for service of process: National Registered Agents, Inc., 1021 Main Street, Suite 1150, Houston, Texas 77002.

7.      Defendant Target Corporation ("Target") is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business located at 1000

Nicollet Mall, Minneapolis, Minnesota 55403.  Target can be served via its registered agent for service of process: C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201.

8.      Defendant Whole Foods Market, Inc. ("Whole Foods") is a corporation organized and existing under the laws of the State of Texas with a principal place of business located at 500 Bowie St., Austin, Texas 78703.  Whole Foods can be served via its registered agent for service of process: C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

9.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284 - 85, among others. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

11.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

12.     Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299(a) at least because each Defendant's infringing products includes, complies with, and/or utilizes the iOS operating system, the practice of which by each Defendant necessarily results in infringement of the patent-in-suit. In addition, questions of fact common to all of the Defendants will arise in the

action at least because, upon information and belief, Defendants' infringing acts arise from their common acts of including, complying with and/or utilizing the iOS operating system.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,326,978

13.     On December 4, 2001, United States Patent No. 6,326,978 (the "'978 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Display Method for Selectively Rotating Windows on a Computer Display". A true and correct copy of the '978 patent is attached hereto as Exhibit A.

14.     Rotatable Technologies is the owner of the '978 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '978 patent against infringers, and to collect damages for all relevant times.

15.     Apple directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least various versions of its iPhone and iPad tablets) that infringed one or more claims of the '978 patent.

16.     Callvine directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Callvine HD Voice Conferencing for iOS) that infringed one or more claims of the '978 patent.

17.     Electronic Arts directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Scrabble for iOS) that infringed one or more claims of the '978 patent.

18. Netflix and directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Netflix for iOS) that infringed one or more claims of the '978 patent.

19. Quickoffice directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Quickoffice HD for iOS) that infringed one or more claims of the '978 patent.

20. Target directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Target for iOS) that infringed one or more claims of the '978 patent.

21. Whole Foods directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Whole Foods Market Recipes iOS) that infringed one or more claims of the '978 patent.

## **JURY DEMAND**

Rotatable Technologies hereby requests a trial by jury on all issues so triable by right.

## **PRAYER FOR RELIEF**

Rotatable Technologies requests that the Court find in its favor and against Defendants, and that the Court grant Rotatable Technologies the following relief:

a. Judgment that one or more claims of the '978 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert therewith from infringement, inducing infringement of, or contributing to infringement of the '978 patent;

      c.      Judgment that Defendants account for and pay to Rotatable Technologies all damages and costs incurred by Rotatable Technologies, caused by Defendants' infringing activities and other conduct complained of herein;

      d.      That Rotatable Technologies be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

      e.      That this Court declare this an exceptional case and award Rotatable Technologies reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

      f.      That Rotatable Technologies be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 15, 2012                            Respectfully submitted,

By: /s/ *Hao Ni*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni Law Firm, PLLC**
3102 Maple Ave., Ste. 400
Dallas, TX 75201
Telephone: 214/800-2208
Fax: 214/800-2209

**ATTORNEYS FOR PLAINTIFF
ROTATABLE TECHNOLOGIES LLC**