**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ROTATABLE TECHNOLOGIES, LLC<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CASE NO. 2:12-cv-265-JRG |
| | § | **LEAD CASE** |
| NOKIA, INC.<br>    Defendant. | §<br>§<br>§<br>§ | |
| ROTATABLE TECHNOLOGIES, LLC<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CASE NO. 2:12-cv-292-JRG |
| | § | |
| APPLE, INC., ET AL.<br>    Defendants. | §<br>§<br>§<br>§ | |

## CONSOLIDATION ORDER

The passage of the Leahy-Smith America Invents Act ("AIA"), which clarified the joinder requirements for cases alleging patent infringement, has resulted in a significant increase in the number of "serially" filed patent cases on the Court's docket. Similarly, the Federal Circuit's recent *In re EMC Corp.* decision leads to a nearly analogous result for pre-AIA filings because multi-defendant cases may be severed "[u]nless there is an actual link between the facts underlying each claim of infringement." 677 F.3d 1351, 1360 (Fed. Cir. 2012). Such serially filed or severed cases, by their nature, involve common issues of law or fact, including claim construction and validity. "If actions before the Court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

In applying Rule 42, a court has considerable discretion. *In re EMC Corp.*, 677 F.3d at 1360; *see also Lurea v. M/V Albeta*, 625 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'").

Accordingly, each of the above-captioned cases are hereby **ORDERED** to be **CONSOLIDATED** for all pretrial issues (except venue) with the first-filed action, Cause No. 2:12-cv-265. All parties are instructed to file any future motions (except relating to venue) in the first-filed case. Individual cases remain active for venue determinations and trial. The Court will enter one docket control order, one protective order, and one discovery order that will govern the entire consolidated case. All parties to the consolidated case are ordered to meet-and-confer following the upcoming August 29, 2012 scheduling conference to discuss the entry of uniform docket control, protective and discovery orders, which will govern the consolidated case, regardless of whether the same have previously been entered in individual actions. The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case. To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that there are other related cases currently pending on the Court's docket that may also be appropriate for consolidation with this case.

**So ORDERED and SIGNED this 17th day of August, 2012.**

*[signature]*
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE